Request for Modifying the
Conditions or Terms of Supervision
with Consent of the Offender

PROB 12B
(NYEP-11/25/02)

Prob 12B / Page 1

# United States District Court
## for the
## Eastern District of New York

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: **Leon Griffin**  Case Number **CR-96-858**

Name of Sentencing Judicial Officer: **The Honorable Frederick Block, United States District Court Judge**

Date of Original Sentence: **February 28, 1997**

Original Offense: **Armed Robbery of a Mail Carrier**.

Original Sentence: **72 months custody, 5 years Supervised Release and assessed $100.**

Type of Supervision: **Supervised Release**  Date Supervision Commenced: **April 7, 2004**

---

## PETITIONING THE COURT

☐ To extend the term of supervision for years, for a total term of years.

☒ To modify the conditions of supervision as follows:

*For a period of 180 days, the defendant shall reside in a Community Confinement Center (CCC) approved by the Probation Department. While in the CCC, the defendant shall adhere to all rules and conditions established by the CCC, including the payment of sustenance costs.*

Request for Modifying the  
Conditions or Terms of Supervision  
with Consent of the Offender

Prob 12B / Page 2

Reference is made to our previous memorandum to the Court dated April 11, 2005, in which we detailed the offenders arrest on March 5, 2005 in Kingston, Pennsylvania on the charge of Driving Under The Influence of Alcohol or Controlled Substance (attached). The offender appeared for his first hearing on April 27, 2005, at which time the case was referred to the Luzerne County, Pennsylvania, District Attorney Office for prosecution and for a substance abuse evaluation. Currently, the matter remains pending and no new Court date has been set.

Although the offender has not been convicted of these charges, he has admitted to the Probation Department that he was out of the district without permission on the day of his arrest. Furthermore, he has admitted that he had consumed alcohol on that day, but maintains that he was not intoxicated. Nevertheless, he realizes that he has violated the conditions of his supervision and has agreed to the imposition of a special condition for residency at a Community Corrections Center (CCC) for 180 days. It is the Probation Department's believe that this modification will serve as a sanction for the offender's violation conduct, while allowing him to remain in the community. It is noted that the offender has a strong bond with his young son and family, and that we feel this is important to his rehabilitation. Furthermore, we believe that his placement in the CCC will add some much needed structure in the offender's life, while allowing him the opportunity to secure gainful employment.

Attached is the Waiver of a Hearing signed by the offender on May 12, 2005. In light of the above, we respectfully recommend that Your Honor order the above-noted modification.

Respectfully submitted by,

_____  
Eric Scherdel  
U.S. Probation Officer

Approved by,

_____  
Andrew S. Bobbe  
Sr. Deputy Chief U.S. Probation Officer  
Date: 5-23-05

THE COURT ORDERS:

☐ No Action  
☐ The Extension of Supervision as Noted Above  
☒ The Modification of Conditions as Noted Above  
☐ Other

_____  
Signature of Judicial Officer

6\2\05  
_____  
Date

# United States District Court

## EASTERN DISTRICT OF NEW YORK

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

*For a period of __180__ days, the defendant shall reside in a Community Confinement Center (CCC) approved by the Probation Department. While in the CCC, the defendant shall adhere to all rules and conditions established by the CCC, including the payment of sustenance costs.*

Witness: _____  Signed: X _____
        U.S. Probation Officer                             Probationer or Supervised Releasee

                          5-12-05
                           Date

# MEMORANDUM
## TO THE HONORABLE FREDERICK BLOCK
### United States District Judge

RE: GRIFFIN, Leon
Supervised Releasee
DOCKET NO.: 96-CR-858
**NOTIFICATION OF NEW ARREST**

Reference is made to the above-captioned offender who was originally sentenced by The Honorable Reena Raggi, United States Circuit Court Judge, on February 28, 1997, to 72 months imprisonment, 5 years supervised release, and a $100 special assessment fee. This sentence followed the offender's conviction for Robbery of a Mail Carrier, in violation of 18 U.S.C. § 2114 (1), a class B felony

On December 2, 2003, the offender's case was reassigned to Your Honor for purposes of a violation of supervised release stemming from his new arrest on drug charges. On December 3, 2003, the offender appeared before Your Honor, entered a plea of guilty, and was sentenced to eight months custody and three years supervised release. The offender was subsequently released from custody on April 7, 2004.

At this time we would like to advise the Court that on March 5, 2005, the offender was arrested in Kingston, Pennsylvania and charged with Driving Under the Influence of Alcohol or Controlled Substance (misdemeanor) and two motor vehicle violations related to having no driver's license and no vehicle registration. According to the criminal complaint (attached) filed by arresting officer, Michael Kryzwicki, the offender was seated on the driver side of a 1995 Ford Contour with Pennsylvania license plates; DRT6187, when stopped in the middle of the road at a intersection within the city of Kingston, PA. The offender was observed by Officer Krzywicki laying down with the driver side seat extended backwards and he appeared to be sleeping. The offender was awoken and questioned by the officer, and he furnished a New York State Identification Card. Officer Krzywicki noticed a strong odor of alcohol emitting from Griffin's breath and observed that the offenders eyes were bloodshot. After further investigation the offender admitted to drinking alcohol, but stated he was not drunk. Officer Krzywicki administered a breathalyzer test on the offender which yielded a positive result for 0.173% blood alcohol content.

Officer Krzywicki requested to see the vehicle's registration and insurance documents, but Griffin could not produce them. The offender was then placed under arrest and under PA state law was required to submit to a blood test. The offender refused to submit to a blood test and was transported back to Kingston Police Department for processing. The offender was officially charged with Driving Under the Influence of Alcohol or Controlled Substance; Failure to provide vehicle registration; Failure to provide a drivers license; Operating a vehicle without an official certificate of inspection; and Operating a motor vehicle without insurance. All of these charges are pending and a court hearing is scheduled for April 27, 2005.

It is significant to note that the offender did not have the permission of the probation department or the Court to travel to Pennsylvania. Although the probation department believes that we will need to initiate violation proceedings, our investigation into this matter remains ongoing, as we are attempting to interview the arresting officer and obtain all relevant court documents. Therefore, we respectfully

request that no action be taken at this time until our investigation is complete. If agreeable to the Court, once we have received all relevant information pertaining to this matter, we will advise Your Honor with an appropriate recommendation.

Prepared by: _____
Eric Scherdel
U.S. Probation Officer

Approved by: _____
Guillermo G. Figueroa
Supervising U.S. Probation Officer

April 11, 2005

The Court directs the following:

☑ Take no action at this time and continue investigation.

☐ Other Directive

_____  4-20-05
U.S. District Judge           Date

DATED 4/21/05
ROBERT C. HEINEMANN
                CLERK